**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

RICHMOND NATIONAL INSURANCE
COMPANY,

    Plaintiff,

v.                                                      CASE NO:

SOMERSET AT LAUDERDALE LAKES
CONDOMINIUM ASSOCIATION, INC. and
ROSE MCLEAN, as the Personal
Representative of the Estate of HURELEYON
MCLEAN, SENIOR,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

RICHMOND NATIONAL INSURANCE COMPANY ("Richmond National") files suit against SOMERSET AT LAUDERDALE LAKES CONDOMINIUM ASSOCIATION, INC. (the "Association") and ROSE MCLEAN, as the Personal Representative of the Estate of HURELEYON MCLEAN, SENIOR (the "Estate"), and in support alleges:

### NATURE OF THE ACTION

1. This is an action for damages and declaratory relief under 28 U.S.C. § 2201 to determine there is no coverage for a shooting at a condominium complex under a commercial general liability policy that includes a broad Assault, Battery, Abuse and Related Conduct Exclusion that specifically excludes coverage for firearms.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship, and the amount in controversy exceeds $75,000 exclusive of interests and

costs.

3. Venue is proper in this district because the shooting occurred in this district, the underlying lawsuit is pending in this district, and otherwise, a "substantial part of the events … giving rise to the claim occurred in this district." *See* 28 U.S.C. § 1391(b)(1).

4. All conditions precedent occurred, have been performed, or were waived.

## THE PARTIES

5. Richmond National is a New Hampshire corporation with its principal place of business in Virginia. Richmond National is accordingly a citizen of New Hampshire and Virginia. For purposes of this action, Richmond National is a surplus lines insurer that issued a commercial general liability policy to the Association as the Named Insured.

6. The Association is a not-for-profit corporation organized under the laws of Florida with its principal place of business in Florida. The Association is accordingly a citizen of Florida.

7. As the personal representative of the Estate, Rose McLean was domiciled in Broward County, Florida. The Estate is accordingly a citizen of Florida.

## THE SHOOTING

8. On 11/28/2024, Hureleyon McLean, Senior was shot and killed while he was near the second-floor staircase of the Somerset at Lauderdale Lakes Condominium in Lauderdale Lakes, Florida.

9. The shooter was Luke Hines Cawley.

10. On 06/10/2025, the Estate filed suit against the Association and others, in the circuit court in and for Broward County, Florida in a case styled *Rose McLean, as the Personal Representative of the Estate of Hureleyon McLean, Sr. v. Somerset at Lauderdale Lakes Condo.*

*Ass'n, Inc., et al.*, Case Number CACE-25-008512. (*See* Underlying Complaint, which is attached as Exhibit "A.")

11. In the complaint, the Estate alleges that on 11/28/2024, McLean "was shot and killed by CAWLEY near the 2nd floor staircase of 2850 Somerset Drive" (*Id.* at ¶7.)

12. The Association allegedly had a "non-delegable duty to take such precautions as were reasonably necessary to protect its residents and invitees, including [McLean], from reasonably foreseeable criminal attacks." (*Id.* at ¶10.)

13. The Association allegedly "knew … that prior to November 28, 2024, numerous criminal acts including, but not limited to, shootings, assaults, burglaries, robberies, and observations of suspicious persons occurred on or around the subject premises[.]" (*Id.* at ¶15.)

14. The Estate alleges "the criminal attack perpetrated against [McLean] was reasonably foreseeable to [the Association.]" (*Id.* at ¶17.)

15. The Association allegedly failed "to warn residents and/or invitees, including [McLean], of the nature and character of the surrounding area when [the Association] knew … that numerous criminal incidents of a similar nature … occurred on [the Association's] premises prior to the subject incident." (*Id.* at ¶18.)

## THE POLICY

16. "Surplus lines insurance is a type of insurance available when, due to the nature and severity of the risk, an insured cannot obtain coverage from insurers authorized to do business in the state[.]" *Klopman v. Zurich Am. Ins. Co. of Illinois*, 233 Fed. Appx. 256, 262 n.1 (4th Cir. 2007). "Florida law requires that surplus lines insurers offer insurance policies that are less favorable to insureds." *Miami Leak Detection & Services, LLC v. Great Lakes Ins. SE*, 699 F. Supp. 3d 1326, 1333 (S.D. Fla. 2023) (*citing* Fla. Stat. § 626.916(c)).

17. The Association could not obtain insurance from an admitted insurer so, as a last resort, it applied for insurance in the surplus lines market.

18. The Association applied for and purchased a surplus lines commercial general liability policy from Richmond National as the Named Insured, bearing Policy Number RN-7-0504867, and effective from 04/24/2024 to 04/24/2025. (*See* Policy, which is attached as Exhibit "B.")

19. Before the policy was issued and delivered to the Association by Richmond National, all the forms and endorsements were disclosed to the Association in a Quote.

20. Before the policy was issued and delivered to the Association by Richmond National, all the forms and endorsements were disclosed to the Association in a Binder. (*See* Binder, which is attached as Composite Exhibit "C.")

21. The Association accepted all the terms and conditions that were proposed in the Quote and the Binder and accepted all the terms of the Richmond National policy.

22. Richmond National is defending the Association in the underlying action under a complete reservation of rights, including but not limited to the right to file a declaratory judgment action and the right to seek reimbursement of all fees and costs incurred by Richmond National if there is a determination that no coverage exists.

**COUNT I – NO COVERAGE UNDER THE
ASSAULT AND BATTERY INCLUDING FIREARMS EXCLUSION**

23. Richmond National incorporates paragraphs 1 through 22.

24. The policy includes an endorsement titled "EXCLUSION - ASSAULT, BATTERY, ABUSE AND RELATED CONDUCT" (for ease of reference referred to as the "A&B including Firearms Exclusion") that provides:

**EXCLUSION - ASSAULT, BATTERY, ABUSE AND RELATED CONDUCT**

This endorsement modifies insurance provided under the following:

**ALL COVERAGE FORMS**

I.  This insurance does not apply to any claim, "suit", loss, injury, damage, cost or expense whether actual or alleged, in any way based upon, directly or indirectly arising from, in any way related to, or in any way involving "assault and battery", whether provoked or unprovoked.

   This exclusion includes but is not limited to:

   a. "Assault and battery" between two or more persons, whether caused by, or at the instigation, instruction, direction or due to the negligence of the insured, the insured's employees, agents, patrons, customers, or any other person arising, and from any cause whatsoever;

   b. The prevention or suppression, or the failure to suppress or prevent any "assault and battery";

   c. The failure to provide an environment safe from any "assault and battery", the failure to provide adequate security, or the failure to warn of the dangers of the environment that could contribute to any "assault and battery";

   d. The reporting or failure to report to the proper authorities; …

   i. The negligent hiring, employment, training, supervision, or retention by the insured of anyone regarding items a. through h. above.

   This exclusion applies regardless of fault or intent, and regardless of the particular cause of action against the insured. This exclusion applies to any claim or "suit" where any actual or alleged injury or damage arises out of a chain of events that includes assault, battery, … verbal abuse, harmful or offensive conduct, or threat, regardless of whether any other actual or alleged cause contributed concurrently, initially, efficiently, proximately, or in any other sequence to such claim, suit, loss, injury, damage, cost or expense. This exclusion applies regardless of the actual or alleged use of reasonable force to protect persons or property or whether anyone was actually or allegedly acting in self-defense.

   This exclusion overrides and applies regardless of any other provision in the policy to the contrary.

II. For purposes of this endorsement, the following definitions are added:

   a. "Assault and battery" means assault, battery, harmful or offensive contact

      or threat, sexual abuse, sexual assault, sexual harassment, intimidation, verbal abuse, or any harmful or offensive contact between two or more persons, whether provoked or unprovoked, including but not limited to the ownership, sale, rental, maintenance, use or discharge of any "firearm" or "weapon" by anyone.

    b. "Firearm" means any device capable of expelling or propelling one or more projectiles by the action of an explosive, combustible propellant, compressed air, or other means, including, but not limited to pistols, rifles, or guns.

    c. "Weapon" means any instrument that can be or is utilized in an offensive or defensive nature to injure, damage or harm and includes, but is not limited to, batons, bows or crossbows, arrows, knives, mace, stun guns, or swords.

…

(*See* Ex. B. at Form RNIL 1019 0923, Pgs. 1–2.)

    25.    The exclusion summarily excludes coverage if a claim or suit against the insured is in any way based upon, directly or indirectly arises from, is in any way related to, or in any way involves an "assault and battery," specifically including the use of discharge of a weapon.

    26.    The exclusion applies regardless of fault or intent, and regardless of the particular cause of action against the insured. This exclusion further applies to any claim or suit where any actual or alleged injury or damage arises out of a chain of events that includes an assault or battery, regardless of whether any other actual or alleged cause contributed concurrently, initially, efficiently, proximately, or in any other sequence to such claim or suit. The exclusion further specifically applies regardless of the actual or alleged use of reasonable force to protect persons or property or whether anyone was actually or allegedly acting in self-defense.

    27.    On 11/28/2024, McLean was shot and killed while at the premises the Association managed.

    28.    The Estate sued the Association over the shooting.

29. Accordingly, Richmond National has no duty to defend and no duty to pay damages under the policy's A&B including Firearms Exclusion.

## COUNT II – REIMBURSEMENT OF DEFENSE ATTORNEY'S FEES AND COSTS

30. Richmond National incorporates paragraphs 1 through 22.

31. Even though there is no coverage under the policy, Richmond National agreed to provide the Association with a defense under a complete reservation of rights, including the right to file a declaratory judgment action and seek reimbursement of all the attorney's fees and costs incurred by Richmond National in providing the Association with a defense.

32. To the extent Richmond National has no duty to defend or indemnify, Richmond National is entitled to reimbursement from the Association of the attorney's fees and costs Richmond National incurred defending the underlying lawsuit against the Estate.

## RELIEF REQUESTED

Richmond National respectfully requests that the Court:

a) Take jurisdiction and adjudicate the rights of the parties under the policy.

b) Declare the following:

  i. Richmond National has no duty defend or indemnify the Association under the Assault and Battery Including Firearms Exclusion.

  ii. Richmond National is entitled to reimbursement of attorney's fees and expenses incurred defending the Association because there is no coverage under the policy.

c) Award Richmond National all costs to prosecute this action.

d) Award Richmond National all other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/DANIEL TRINCADO

**SINA BAHADORAN**
Florida Bar No. 523364
sina.bahadoran@clydeco.us
**AARON WARREN**
Florida Bar No. 96162
aaron.warren@clydeco.us
**DANIEL TRINCADO**
Florida Bar No. 1034537
daniel.trincado@clydeco.us

Clyde & Co US LLP
1221 Brickell Avenue
Suite 1600
Miami, Florida 33131
T: 305.446.2646